UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DR. DAVID BANKS,

               Plaintiff,

v.                                            **DECISION AND ORDER**
                                                            06-CV-239S

STATE UNIVERSITY OF NEW YORK
AT BUFFALO, DR. DONALD POLLOCK,
DR. BARBARA TEDLOCK,
DR. UDAY SUKHATME,
DR. JOHN SIMPSON,

               Defendants.

## I. INTRODUCTION

On April 10, 2006, Plaintiff Dr. David Banks commenced this employment discrimination action by filing a Complaint in the United States District Court for the Western District of New York. Therein, Plaintiff asserts three causes of action alleging racial discrimination, religious discrimination, and unlawful retaliation in violation of federal and state law. Presently before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint.[1]  For the reasons discussed below, Defendants' motion is granted in part and denied in part.

---

[1] In support of their Motion to Dismiss, Defendants filed a memorandum of law and the Declaration of Michael A. Siragusa, Esq., with attached exhibits. In response, Plaintiff filed the Affirmation of Barbara M. Sims, Esq., with attached exhibits.

## II. BACKGROUND

**A.     Facts**

In adjudicating Defendants' Motion to Dismiss, this Court assumes the truth of the following factual allegations contained in the Complaint.  See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Plaintiff is an African-American male of Muslim faith.  (Complaint, ¶ 6.)  He holds a doctoral degree in anthropology and has been a member of the anthropology faculty at Defendant State University of New York at Buffalo ("UB") since 1969.  (Complaint, ¶¶ 6, 12.)  He has been a full professor in that department since 1988.  (Complaint, ¶¶ 6, 12.) Plaintiff also served on UB's Affirmative Action Committee, and has participated in other activities at UB designed to further equal opportunities and prevent employment discrimination on the basis of race, color or religion.  (Complaint, ¶ 6.)  Plaintiff is also disabled, having suffered a stroke in November of 1997.  (Complaint, ¶¶ 6, 15.)

Defendants are all employees of UB.  (Complaint, ¶¶ 7-11.)  UB is a publicly supported university incorporated under the laws of the State of New York and is Plaintiff's employer. (Complaint, ¶ 7.) Defendant Dr. Donald Pollock is the Chair of the Anthropology Department and has authority to (1) make appointments to committees, (2) schedule department meetings, (3) recommend the appointment and promotion of faculty and staff within the department, and (4) make salary recommendations for department faculty. (Complaint, ¶ 8.)

Defendant Dr. Barbara Tedlock is a Professor of Anthropology and was the Department Chair at times relevant to Plaintiff's Complaint.  (Complaint, ¶ 9.)  She had the

authority to make academic and budgetary recommendations.  (Complaint, ¶ 9.) Defendant Dr. Uday Sukhatme was at all times relevant the Dean of UB's College of Arts & Sciences and is a Professor at UB.  (Complaint, ¶ 10.)  Defendant John B. Simpson was at all times relevant the President of UB.  (Complaint, ¶ 11.)

Plaintiff alleges that Defendants denied his request for a salary increase to a level that is commensurate with his experience and with similarly situated faculty members. (Complaint, ¶¶ 13, 14.)  Along with his longevity at UB, Plaintiff has published four books and monographs, has traveled extensively doing research, and is an academic consultant in anthropology to the country of Malaysia.  (Complaint, ¶ 13.)  Plaintiff contends that his achievements inure to the benefit of UB's students and bring esteem to UB's Anthropology Department.  (Complaint, ¶ 13.)

Despite these qualifications, however, Plaintiff has the second lowest salary in the department for an individual with his rank.  (Complaint, ¶ 13.)  Plaintiff requested a salary increase to a level commensurate with similarly situated faculty members, but Defendants ignored his request and advised that only recent publications would be considered in granting salary increases.  (Complaint, ¶ 14.)

Plaintiff also maintains that Defendants retaliated against him for serving on UB's Affirmative Action Committee and advocating for increasing the number of traditional racial minorities in the Anthropology Department and at UB as a whole.  (Complaint, ¶ 18.) Plaintiff's involvement in this regard provoked inaction and resentment by Defendants, who retaliated against him by not assigning him to any committees. (Complaint, ¶ 18.)  Plaintiff was the only faculty member not appointed to a committee.  (Complaint, ¶ 18.)  When asked about this omission at a faculty meeting, Defendant Pollock responded to those in

attendance that "some people don't deserve to participate on committees." (Complaint, ¶ 18.)

Plaintiff maintains that Defendants further retaliated against him by setting aside the grades he gave students who challenged their marks, and permitting those examination papers to be re-graded by other faculty members. (Complaint, ¶ 19.) When Plaintiff wrote to Defendant John Simpson in confidence about this and other adverse conditions of his employment, Defendant Simpson publicly circulated the letter in an effort to further the animus against Plaintiff. (Complaint, ¶ 20.)

Plaintiff maintains that Defendants have fostered a hostile work environment by engaging in a pattern and practice of providing prejudicial, unwarranted, derogatory and slanderous comments in their appraisals of his professional contributions during the course of their department meetings. (Complaint, ¶ 17.) Defendants have acted similarly at other times and places, which has prevented Plaintiff from obtaining evaluations that accurately reflect his scholarship and contributions to the field of anthropology. (Complaint, ¶ 17.) These actions also detrimentally affected Plaintiff's ability to obtain a salary increase. (Complaint, ¶ 17.)

Finally, Plaintiff contends that Defendants have failed to accommodate his disability. In November of 1997, Plaintiff suffered a stroke. (Complaint, ¶ 15.) As a result, it is necessary for him to have an office with proper ventilation to accommodate his medical problems. (Complaint, ¶ 15.) Instead, Defendants continue to assign Plaintiff an office over the bus port, where idling buses emit fumes that aggravate Plaintiff's medical condition. (Complaint, ¶ 15.) Although informed of the negative effect on Plaintiff's health, Defendants have made no attempt to accommodate Plaintiff's needs. (Complaint, ¶ 15.)

Instead, Defendants assigned what would have been a suitable office for Plaintiff to a faculty member with less seniority and a lesser need for proper ventilation. (Complaint, ¶ 16.)

### B.    Procedural History

Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on August 16, 2005, complaining of most of the conditions discussed above.  (Siragusa Decl., Exhibit B.)  For example, Plaintiff asserted discrimination based on race, retaliation, color and religion.  (Siragusa Decl., Exhibit B.) The EEOC conducted an investigation of Plaintiff's Charge but was unable to conclude that any statutory violation occurred.  (Siragusa Decl., Exhibit A.)  It therefore sent Plaintiff a Notice of Right to Sue Letter on November 22, 2005.  (Siragusa Decl., Exhibit A.)

Plaintiff commenced this action on April 10, 2006, by filing a Complaint in the United States District Court for the Western District of New York.  Defendants filed the instant Motion to Dismiss on May 3, 2006.  Plaintiff filed his opposition on June 5, 2006.  This Court took the matter under advisement without oral argument as of September 25, 2006, after initial settlement efforts proved unsuccessful.

## III. DISCUSSION

### A.    Legal Standard

Defendants bring their Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Rule 12(b)(1) provides for dismissal of a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or

constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering a Rule 12(b)(1) motion, the allegations contained in the Complaint are deemed true, and the court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question. See id. (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). It is the plaintiff's burden to establish proper jurisdiction by a preponderance of evidence. Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

Rule 12(b)(6) provides for dismissal of a Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As noted above, all well-pleaded factual allegations contained in the Complaint are assumed true and construed in the non-moving party's favor. See Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999); Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996). "The issue [on a Rule 12(b)(6) motion] is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter, 128 F.3d at 62 (citation omitted); see also Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995); Racker v. St. Bonaventure Univ., 04-CV-125, 2005 WL 1522797, at *3 (W.D.N.Y. June 28, 2005). Dismissal on the face of the Complaint is therefore proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

If it appears from the face of the Complaint that a cause of action has not been brought within the applicable statute of limitations period, the defense of limitations "may be raised in a pre-answer motion pursuant to Fed. R. Civ. P. 12(b)(6)." Santos v. Dist.

Council of New York City, 619 F.2d 963, 967 n.4 (2d Cir. 1980); Ghartley v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).  "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).  If the plaintiff does not attach or incorporate by reference documents that are integral to the Complaint, the court may consider those documents without converting the motion to one seeking summary judgment.  See Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).

Federal pleading standards are generally not stringent.  See Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005) (describing federal pleading requirement as "bare bones notice pleading"); Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003) ("The federal rules allow simple pleadings and rely on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." (quotation and citation omitted)).  Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The Complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley, 355 U.S. at 47.  Fair notice is "that which will enable the adverse party to answer and prepare for trial."  Lee v. HealthFirst, Inc., No. 04 Civ. 8787, 2006 WL 177175, at *3 (S.D.N.Y. Jan. 25, 2006) (quoting Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004)).

In the context of employment discrimination claims, the United States Supreme Court has clarified that the Complaint must meet only the notice pleading requirements of Rule 8(a)(2): "An employment discrimination plaintiff need not plead a prima facie case of

discrimination." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S. Ct. 992, 999, 152 L.Ed.2d 1 (2002). In Swierkiewicz, the Supreme Court found that the prima facie showing required of employment discrimination plaintiffs is "an evidentiary standard, not a pleading requirement," id. at 510, and it held that a plaintiff alleging employment discrimination need not plead all the elements of a prima facie case so long as the Complaint provides the defendant "fair notice of what [the] claims are and the grounds upon which they rest" in accordance with Rule 8, id. at 514. See also Racker, 2005 WL 1522797, at *3 (discussing Swierkiewicz).

Nonetheless, the Court in Swierkiewicz noted that an employment discrimination Complaint could still be dismissed under Rule 12(b)(6) "if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. at 512 (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In this regard, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 8191 B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (citation and quotation omitted); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."). "It must be clear from a discrimination complaint 'what adverse employment action or actions serve as the basis for [a plaintiff's] . . . discrimination claim [thereby] giv[ing] fair notice in her complaint of the grounds upon which her claim that those actions were discriminatory rests." Lee, 2006 WL 177175, at *5 (quoting Galvez v. New York Mortg. Co., LLC, No. 05 Civ. 2365, 2005 WL 2124112, at *4 (S.D.N.Y. Sept. 1, 2005) (alterations in original)).

**B.     Plaintiff's Complaint and Defendants' Motion to Dismiss**

### 1. Plaintiff's Complaint

Plaintiff's Complaint contains three causes of action. First, Plaintiff alleges that Defendants discriminated against him based on his race when they refused to pay him a salary commensurate with his service, professional contributions and scholarly achievement. (Complaint, ¶¶ 21, 22.) This claim is brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981-a, 42 U.S.C. § 1983, the Fourteenth Amendment, and unspecified state law provisions. (Complaint, ¶ 22.)

Second, Plaintiff alleges that Defendants discriminated against him on the basis of his religion when they refused to provide him an office that would accommodate his health needs. (Complaint, ¶¶ 23, 24.) This claim is brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981-a, 42 U.S.C. § 1983, the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and unspecified state law provisions. (Complaint, ¶ 24.)

Third, Plaintiff alleges that Defendants unlawfully discriminated against him on the basis of race and religion, and unlawfully retaliated against him when they humiliated him in office meetings and demeaned him by reassigning his students' exams for re-grading. (Complaint, ¶¶ 25, 26.) This claim is brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1981-a, 42 U.S.C. § 1983, the Fourteenth Amendment, 42 U.S.C. § 2000(e), and unspecified state law provisions. (Complaint, ¶ 26.)

### 2. Defendants' Motion to Dismiss

Defendants maintain that dismissal of Plaintiff's Complaint is warranted. They argue that Plaintiff's Title VII claims should be dismissed because (1) they are untimely, (2) Plaintiff did not exhaust his administrative remedies, and (3) there is no individual liability

under Title VII. Moreover, they argue that the Eleventh Amendment bars Plaintiff's claims against UB and certain claims against the individual defendants. Finally, they argue that Plaintiff's § 1983 claims are barred because Title VII provides the exclusive remedy for employment discrimination claims. These arguments are addressed below.

### a. Title VII Claims

#### (1) Timeliness

Reading Plaintiff's Complaint broadly, it is clear that the thrust of the Complaint is that Defendants discriminated against Plaintiff based on his race, religion and disability in violation of Title VII. Defendants argue that Plaintiff's Title VII claims are time-barred because Plaintiff did not file his federal complaint within 90 days of receiving his Notice of Right to Sue Letter.

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1); Desert Palace, Inc. v. Costa, 539 U.S. 90, 92-93, 123 S.Ct. 2148, 2150, 156 L.Ed.2d 84 (2003). In order to maintain an action under 42 U.S.C. §2000e-5, a plaintiff must ordinarily file a timely charge with the EEOC, receive from that agency a right to sue letter, and file an action within 90 days of receipt of that letter. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994); 42 U.S.C. § 2000e-5(f)(1).

The Second Circuit construes Title VII's time limits as "analogous to a statute of limitations." Fletcher v. Runyon, 980 F.Supp. 720, 721 (S.D.N.Y. 1997) (quoting Briones v. Runyon, 101 F.3d 287, 290 (2d Cir. 1996)). "Suits filed more than ninety days after a

plaintiff's receipt of the right-to-sue letter are untimely." Allen v. Darbey, No. 05-CV-6675, 2006 WL 2504446, at *4 (W.D.N.Y. Aug. 28, 2006) (citing Cornwell, 23 F.3d at 706). "Therefore, the failure to bring suit within the statutory filing period is a ground for dismissing a complaint in the absence of a recognized equitable consideration." Hassan v. NYC Off Track Betting Corp., No. 05 Civ. 9677, 2007 WL 678422, at *3 (S.D.N.Y. Mar. 6, 2007) (citing Skeete v. IVF Am., Inc., 972 F.Supp. 206, 209 (S.D.N.Y. 1997)).

Here, it is apparent and undisputed that Plaintiff did not file this federal action within 90 days of receiving his Notice of Right to Sue Letter. The EEOC mailed Plaintiff the Notice of Right to Sue Letter on November 22, 2005, and Plaintiff did not file this federal action until April 10, 2006, some 139 days later. (Siragusa Decl., Exhibit A.) Plaintiff provides no explanation for his failure to timely file this action.[2] Consequently, Plaintiff's Title VII claims will be dismissed as untimely.

### (2) Administrative Exhaustion

Defendants argue that any claims asserted by Plaintiff under Title VII based on his alleged disability should also be dismissed on the ground that he failed to exhaust his administrative remedies by not first presenting those claims to the EEOC for investigation.

---

[2] It appears that Plaintiff may be arguing that this Court should apply the continuing violations doctrine to excuse his untimely filing of this action. (See Sims Decl., p. 4-5.) However, the continuing violations doctrine does not apply in this context. The continuing violations doctrine is most often applicable when determining whether allegedly discriminatory acts are timely under the 300-day administrative deadline for filing a Charge of Discrimination. See 42 U.S.C. §2000e-5(e); Miller v. New York City Health & Hosp. Corp., No. 00 Civ. 140, 2004 WL 1907310, at *3 (S.D.N.Y. Aug. 25, 2004) ("The 'continuing violation' doctrine holds that an act that occurs within 300 days of an EEOC charge may implicate – and therefore make timely – incidents otherwise outside of the mandatory filing deadlines.") (citing National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-121, 122 (2002)).

The issue here, however, is whether any recognized equitable consideration is present to excuse Plaintiff's failure to meet the 90-day deadline for filing a federal action. See, e.g., Johnson v. Al Tech Specialities Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (EEOC's erroneous advice, if substantiated, may be reason to excuse non-compliance with 90-day deadline). Plaintiff offers no reason for his failure to timely file the instant action. Therefore, his Title VII claims will be dismissed.

Plaintiff does not counter this argument.

A plaintiff must ordinarily exhaust his administrative remedies by first presenting his claims to the EEOC. Bailey v. Colgate-Palmolive Co., No. 99 Civ. 3228, 2003 WL 21108325, at *12 (S.D.N.Y. May 14, 2003). A plaintiff's failure to exhaust defeats the purpose of Title VII's statutory notice provision, which is "to encourage settlement of discrimination disputes through conciliation and voluntary compliance." Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 26 (2d Cir. 1985); Burnett v. ESL Fed. Credit Union, 198 F.Supp.2d 307, 314-15 (W.D.N.Y. 2002). Consequently, courts routinely dismiss unexhausted Title VII discrimination claims. Bailey, 2003 WL 21108325, at *12 (citing cases).

Here, it is clear (and undisputed) that Plaintiff did not include a claim based on disability when he filed his Charge of Discrimination with the EEOC. (Siragusa Decl., Exhibit B.) Consequently, Plaintiff has failed to exhaust any Title VII claim related to his disability and the same will therefore be dismissed.[3]

### (3)   Individual Liability

Defendant argues that, even assuming that Plaintiff's Title VII claims are timely, they must be dismissed as to the individual defendants. This Court agrees. It is well-settled

---

[3] Although Plaintiff does not raise it, this Court is cognizant of the fact that under certain circumstances unexhausted claims that are not expressly alleged in a timely filed administrative charge may be entertained. In this circuit, such claims may be adjudicated if they are based on conduct that is "reasonably related" to the conduct included in the timely Charge. See Butts v. City of New York Dep't of Housing Prevention, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in,* Hawkins v. 1115 Legal Servs. Care, 163 F.3d 684, 693 (2d Cir. 1998). In Butts, the Second Circuit recognized three circumstances under which unexhausted claims may be "reasonably related" to properly presented claims. See Butts, 990 F.2d at 1402-03. None of those circumstances appear to be present in this case.

that individuals may not be held liable under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313-16 (2d Cir. 1995), abrogated on other grounds by, Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Accordingly, Plaintiff's Title VII claims against Defendants Pollock, Tedlock, Sukhatme and Simpson must be dismissed for this reason as well.

### b.     Federal Claims and the Eleventh Amendment

It is well settled that the Eleventh Amendment bars suits against states and state agencies. See Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100-02, 104 S.Ct. 900, 908-909, 79 L.Ed.2d 67 (1984); Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1999).  The Eleventh Amendment "renders an unconsenting state immune from lawsuits in federal court brought by that state's own citizens or citizens of another state." A.A. v. Bd. of Educ. of the Cent. Islip Union Free Sch. Dist., 196 F.Supp.2d 259, 264 (E.D.N.Y. 2002) (citing Burnette v. Carothers, 192 F.3d 52, 57 (2d Cir. 1999); New York City Health & Hosp. Corp. v. Perales, 51 F.3d 129, 134 (2d Cir. 1995)). Further, it bars "courts from exercising jurisdiction over lawsuits against a state unless [the state] waive[s] sovereign immunity or Congress has expressly and validly abrogated that immunity." A.A., 196 F. Supp. 2d at 264 (citing Bd. of Trs. of Univ. of Alabama v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); Tuchman v. Connecticut, 185 F.Supp.2d 169, 172 (D.Conn. 2002)).

The protection from suit provided by the Eleventh Amendment extends to legal and equitable relief. Papasan v. Allain, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); see also Yoonessi v. State Univ. of New York, 862 F. Supp. 1005, 1012 (W.D.N.Y. 1994) ("[I]n the absence of the state's consent to be sued in a federal forum, or

congressional authorization to do so, any legal or equitable claims based on alleged constitutional violations brought by private parties against the state or one of its agencies or departments are proscribed by the eleventh amendment.") (citing Pennhurst, 465 U.S. at 100).

The Second Circuit has held that for Eleventh Amendment purposes, the State University of New York ("SUNY") is an integral part of the state government such that when it is sued, the State of New York is the real party. Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990). Moreover, the Second Circuit recognizes that "SUNY has clearly not consented to suit in a federal forum." Id. Thus, no equitable or legal relief is available against SUNY. Id.

A state *official*, however, may be sued in his official capacity in a federal forum to enjoin conduct that violates the federal Constitution, notwithstanding the Eleventh Amendment bar. See Papasan, 478 U.S. at 276-77. He may also be sued in his individual capacity for damages as well as injunctive relief for engaging in illegal conduct beyond his authority. Id. at 278 n.11. State officials may not, however, be sued in their official capacity for violations of state law. Id. at 277.

Based on the above principles, Plaintiff's claims against Defendant UB are barred by the Eleventh Amendment.[4] Moreover, the Eleventh Amendment shields the individual defendants from liability in their official capacity for violations of state law. Accordingly, any state law claims brought against the individual defendants in their official capacity are also

---

[4] The § 1983 claims against UB must also be dismissed because UB is not a "person" acting under color of state law. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (neither the state, its agencies, nor its employees acting in their official capacities are "persons" subject to suit under 42 U.S.C. § 1983).

dismissed on Eleventh Amendment grounds.

### c.     Discrimination Claims under § 1981, § 1983 and the Fourteenth Amendment

Finally, Defendants argue that Plaintiff cannot pursue discrimination claims against the individual defendants under § 1981, § 1983 or the Fourteenth Amendment because Title VII provides the exclusive remedy for such claims.  However, the Second Circuit has held that Title VII is not the exclusive remedy for employment discrimination claims against state or municipal employers.  Annis v. County of Westchester, 36 F.3d 251, 254-56 (2d Cir.1994).  For example, the Circuit Court held that § 1983 "furnishes a cause of action [against a state actor] for the violation of federal rights created by the Constitution" or federal statutory rights.  Id.; see also Dean v. New York City Transit Auth., 297 F.Supp.2d 549, 554 (E.D.N.Y. 2004); Padilla v. Harris, 285 F.Supp.2d 263, 268 n.5 (D.Conn. 2003)("plaintiff may . . . bring a claim for employment discrimination under 42 U.S.C. § 1983 without concurrently pleading a violation of Title VII and satisfying the procedural requirements of that statute).  Accordingly, this Court will deny Defendants' Motion to Dismiss Plaintiff's § 1981, § 1983 and Fourteenth Amendment claims on this basis.  See Lewis v. State of Conn. Dep't of Corrs., 355 F.Supp.2d 607, 620 (D. Conn. 2005) (discussing interplay between Title VII claims and those brought under § 1981 and § 1983, and concluding that the latter claims may be pursued independently).

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part.  Plaintiff's Title VII claims are dismissed in their entirety.  Plaintiff's claims against Defendant UB are dismissed in their entirety on Eleventh Amendment grounds.

Plaintiff's state law claims brought against the individual defendants in their official capacity are also dismissed on Eleventh Amendment grounds.  The remaining claims may proceed beyond the pleading stage.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 5) is GRANTED in part and DENIED in part consistent with this decision.

FURTHER, that Plaintiff's Title VII claims are DISMISSED in their entirety.

FURTHER, that Plaintiff's remaining claims against Defendant UB are DISMISSED on Eleventh Amendment grounds.

FURTHER, that Plaintiff's state law claims against the individual defendants in their official capacity are DISMISSED on Eleventh Amendment grounds.

SO ORDERED.

Dated:	March 21, 2007
		Buffalo, New York


			s/William M. Skretny
			WILLIAM M. SKRETNY
			United States District Judge